DECISION AND JOURNAL ENTRY
Appellant-defendant Walter J. Suttles appeals from his convictions and sentence for murder, having a weapon under disability, and tampering with evidence in the Summit County Common Pleas Court. We affirm in part, vacate in part, and remand the matter to the trial court with the instruction to resentence Suttles on the gun specifications so that the sentence complies with the mandatory minimums set forth by the General Assembly, as well as this Court's findings.
 I.
On January 29, 1998, the Summit County Grand Jury issued an indictment against Suttles, charging him with (count one) aggravated murder, a violation of R.C. 2903.01, with a firearm specification in violation of R.C. 2941.145; and (count two) having a weapon while under disability, a violation of R.C. 2923.13(A)(3).[1] Subsequently, on July 30, 1998, the Summit County Grand Jury issued a supplemental indictment; this indictment charged Suttles with a firearm specification, a violation of R.C. 2941.141, to count two of the indictment. A second supplemental indictment, issued on August 12, 1998, charged Suttles with a second firearm specification to count two, a violation of R.C. 2941.145.[2]
Suttles pleaded not guilty to the charges against him. The case was tried to a jury. The jury was unable to reach a unanimous verdict and the court declared a hung jury and a mistrial. The case was re-set for trial.
On October 27, 1998, a third supplemental indictment was issued against Suttles. The indictment charged Suttles with (count five) having a weapon while under disability, a violation of R.C. 2923.13(A)(2), with two firearm specifications in violation of R.C. 2941.141 and 2941.145. On December 1, 1998, the Summit County Grand Jury issued a fourth supplemental indictment against Suttles, charging him with (count six) tampering with evidence, a violation of R.C. 2921.12(A)(1), and two firearm specifications, violations of R.C. 2941.141 and 2941.145.
Suttles pleded not guilty to the additional charges against him. The matter was tried to a jury. The jury found Suttles guilty of murder (the lesser included offense of aggravated murder) with a firearm specification; guilty of having a weapon while under disability with two accompanying firearm specifications; and guilty of tampering with evidence with two firearm specifications. The jury returned not guilty verdicts on counts one (aggravated murder) and five (having a weapon while under disability). The trial court sentenced Suttles to twenty-five years to life in prison.
Suttles timely appeals, asserting three assignments of error.
 II.
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS MOTION FOR MISTRIAL ON THE GROUNDS THAT THE ACTIONS OF THE PROSECUTOR IN CLOSING ARGUMENT TO THE JURY WERE IN VIOLATION OF HIS CONSTITUTIONAL RIGHT AGAINST SELF-INCRIMINATION, AS GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, IN THAT APPELLANT HAD AN ABSOLUTE RIGHT TO REMAIN SILENT AND THE PROSECUTOR'S REFERENCE TO THAT SILENCE, WITH ITS IMPLICATION OF GUILT, WAS PREJUDICIALLY ERRONEOUS AND A VIOLATION OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL.
In his first assignment of error, Suttles asserts that the trial court erred in denying his motion for a mistrial because, he contends, the prosecution made three statements in closing argument which rise to the level of misconduct. We disagree.
Wide latitude is given to counsel during closing argument to present their most convincing positions. State v. Stephens (1970),24 Ohio St.2d 76; Shelton v. State (1921), 102 Ohio St. 376. Where prosecutorial misconduct is alleged, the court must determine whether the remarks in closing argument were improper and, if so, whether the remarks prejudicially affected substantive rights of the defendant. State v.Smith (1984), 14 Ohio St.3d 13, 14. "The conduct of a prosecuting attorney during trial cannot be made a ground of error unless the conduct deprives defendant of a fair trial." State v. Apanovitch (1987),33 Ohio St.3d 19, 24, citing State v. Maurer (1984), 15 Ohio St.3d 239,266. Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. State v. Franklin (1991),62 Ohio St.3d 118, 127.
Suttles claims that the following highlighted statements made by the prosecutor violated his constitutional right to remain silent:
 Walter Suttles is described, his demeanor is described for you by the police, he's calm, doesn't ask any question about why they are there, and certainly he has every right to remain silent and not say anything, but certainly the police gave him the opportunity to give his version of anything that had happened.
* * *
 You certainly heard from the Defendant. You certainly learned that in this particular case that when the police come to his house, you know that he is calm, you certainly know that he told the police that he had fired a gun on New Years Eve and he appears here and tells you, oh, no, that's not true, I told them that, but that's not true. Of course he didn't tell them he had shot somebody in self-defense.
* * *
 Well, he so honestly believed, so honestly believed that he had acted in self-defense, that he fled in a matter of a few minutes * * * has all these opportunities to state when the police come.
In support of his argument that his constitutional right to remain silent was infringed upon, Suttles takes issue with comments made by the prosecutor which refer to Suttles' silence and his demeanor. While comments pertaining to a defendant's silence may raise a constitutional question, comments about a defendant's observed demeanor do not. Officers are always permitted to testify, as in this case, as to what they saw,i.e. bloodshot eyes, slurred speech, and whether a defendant was calm, violent, or shaking. Accordingly, we will only discuss the comments referring to Suttles' silence.
Suttles argues that the prosecutor's statements amounted to misconduct and violated his right to remain silent because they "were made with the implication that, if [Suttles' self-defense argument was true, Suttles] would have and should have made this claim when he was arrested." However, the record establishes that each of the comments refer to Suttles' pre-arrest silence and because such implication is proper, we find that the prosecutor's statements do not constitute misconduct.
The United States Supreme Court has held that impeachment by silence violates the Constitution where a defendant has received the required warning under Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694. Doyle v. Ohio (1976), 426 U.S. 610, 96 S.Ct. 2240,49 L.Ed.2d 91. However, prosecutors may inquire into pre-arrest silence because "`no governmental action [has] induced [the defendant] to remain silent before arrest.'" State v. Covender (Dec. 24, 1997), Lorain App. No. 96CA006457, unreported, appeal not allowed (2000), 87 Ohio St.3d 1490, citing Jenkins v. Anderson (1980), 447 U.S. 231, 240, 100 S.Ct. 2124,65 L.Ed.2d 86.
In Jenkins, the defendant testified on his own behalf and asserted self-defense. The U.S. Supreme Court found that a criminal defendant'sFifth and Fourteenth Amendment rights were not violated by the use of pre-arrest silence to impeach the defendant's credibility. Impeachment follows the defendant's own decision to cast aside his cloak of silence and advance the truth finding function of the criminal trial. Id. See, also, State v. Walker (June 11, 1997), Summit App. No. 17815, unreported, citing Jenkins v. Anderson (1980), 447 U.S. 231, 238,65 L.Ed.2d 86, 94-95 (This Court held that when a criminal defendant testifies at trial, his Fifth Amendment right is not violated by the use of pre-arrest silence when it is used to impeach his credibility.). Prosecutors are permitted to comment "upon pre-arrest silence where the defendant claimed self-defense at trial, but failed to notify law enforcement officers promptly about the crime." State v. Seymour (Nov. 9, 1993), Pickaway App. No. 90 CA 38, unreported, appeal not allowed (1994) 69 Ohio St.3d 1436. See, also, State v. Boyd (May 28, 1992), Cuyahoga App. No. 60639, unreported, motion to certify overruled (1992),65 Ohio St.3d 1441; State v. Flowers (Nov. 1, 1991), Trumbull App. No. 90-T-4452, unreported.
Suttles testified on his own behalf and asserted self-defense. Because the prosecutor's statements were proper, the trial court did not err in failing to order a mistrial. The first assignment of error is accordingly overruled.
ASSIGNMENT OF ERROR NO. II
 THE VERDICTS RETURNED BY THE JURY OF GUILTY FOR MURDER, HAVING A WEAPON UNDER DISABILITY, AND TAMPERING WITH EVIDENCE, WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND/OR WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Suttles avers that his convictions for murder and having a weapon under disability are against both the sufficiency and the manifest weight of the evidence, and that his conviction for tampering with evidence is against the manifest weight of the evidence. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra, at 340. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, citing State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Suttles requests this Court to overturn the jury's guilty verdict on the charge of murder because, he contends, the conviction is against the manifest weight of the evidence. Suttles asserts that the jury lost its way because he "set forth sufficient evidence to establish by a preponderance of the evidence that he had acted in self-defense[,]" which "negates the `acting with purpose' element[.]" In support of this argument, Suttles attacks the credibility of the state's witnesses and avers that the testimony regarding his self-defense claim "overwhelmingly establishes that [he] was acting in self-defense (or the defense of others business/family) at the time he pulled the trigger."
 Suttles' contention is meritless. "A jury may separate the testimony as they wish according to what is credible to them." State v. Mastel (1991), 26 Ohio St.2d 170, 177. A jury is "free to believe all, part, or none of the testimony of each witness." State v. Jackson (1993), 86 Ohio App.3d 29, 33. The jury considered the testimony of the state's witnesses, Suttles' witnesses, and Suttles himself, and was free to reject Suttles' claim that he killed Marcus Cunningham in self-defense. A review of the record reveals no indication that the jury clearly lost its way in concluding that Suttles purposely caused the death of Cunningham.
Accordingly, having found that Suttles' murder conviction was not against the weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. See State v. Roberts
(Sept. 17, 1997), Lorain App. No. 96CA006462, unreported (holding that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.)).
Suttles argues that his conviction for having a weapon while under a disability is against the manifest weight of the evidence because he used the firearm in self-defense. He further contends that because he proved that he used the weapon in self-defense the state failed to prove that he "acquired, carried or used the firearm as envisioned by the legislature as being worthy of punishment under [the having a weapon under disability] statute."
This Court has never expressly recognized the self-defense exception to the charge of having a weapon under disability. State v. Conwell (Apr. 12, 2000), Summit App. No. 19482, unreported, fn. 2. Moreover, as previously discussed, the jury rejected Suttles' self-defense claim. Therefore, we overrule Suttles' claim that his conviction for having a weapon under disability is against the manifest weight of the evidence. Consequently, we reject his challenge to the sufficiency of the evidence. See Roberts, supra.
Finally, Suttles contests his conviction for tampering with evidence as against the manifest weight of the evidence. In his brief, Suttles states that the testimony elicited at trial regarding this charge "left [the jury] with two completely contrasting stories." Suttles acknowledges that "[t]he issue comes down to the weight and credibility to be given to the witnesses."
Again, the jury was "free to believe all, part, or none of the testimony of each witness." Jackson, supra. This Court cannot conclude that the jury lost its way or created a manifest miscarriage of justice such that Suttles' conviction for tampering with evidence must be reversed.
Suttles' second assignment of error is overruled.
ASSIGNMENT OF ERROR NO. III
 THE SENTENCE IMPOSED BY THE TRIAL COURT AMOUNTS TO AN ABUSE OF DISCRETION AND A VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS.
In his final assignment of error, Suttles asserts that the trial court abused its discretion in sentencing him. Specifically, he avers that the court failed to merge all the gun specifications, improperly sentenced him to the maximum allowable term on the tampering with evidence and having a weapon under disability convictions, and erroneously ordered the sentences to be served consecutively. While we disagree with Suttle's contentions, we do find that the record does not support the sentences for the gun specifications and that the sentence is contrary to law. Accordingly, we vacate Suttles' sentence with respect to the gun specifications.
The trial court sentenced Suttles to a sentence of twenty-five years to life: a definite prison term of fifteen years to life for murder, with an actual three year mandatory term for the firearm specification thereto; a definite one year term for having a weapon while under disability, and an actual one year mandatory term for the accompanying firearm specification; a definite term of five years for tampering with evidence[3], and an actual one year mandatory sentence for the firearm specification. The court merged the one year mandatory sentence for the firearm specification attached to the charge for tampering with evidence with the gun specification to the murder conviction. The court ordered Suttles to serve the three year mandatory sentence imposed on the murder charge consecutively with the sentence imposed on the having a weapon while under disability charge. Further, the court ordered the sentences imposed on the underlying charges to be served consecutively.
R.C. 2953.08(G)(1)(a) and (d) give this Court the power to increase, reduce, or modify a sentence, or to vacate the sentence and remand the matter to the trial court for resentencing if we clearly and convincingly find that the record does not support the sentence, or that the sentence is contrary to law.
The record reflects that the jury found Suttles guilty of five firearm specifications. Suttles was convicted of a firearm specification in violation of R.C. 2941.145, attached to his murder conviction, and firearm specifications violating R.C. 2141.141 and R.C. 2141.145 on the charges of tampering with evidence and having a weapon while under disability. Suttles' conviction for the R.C. 2141.141 gun specification (i.e. possession) on the underlying charge of having a weapon while under disability, merged into the R.C. 2141.145 (i.e. brandish or use) violation. The same is true of the gun specifications attached to the charge of tampering with evidence.
Accordingly, the trial court was required to sentence Suttles for an additional three years for each firearm specification. R.C.2929.14(b)(1)(a)(i) and 2941.145. The court, however, only imposed one additional year to the charges of having a weapon while under disability and tampering with evidence.[4] Because the record does not support the one year sentences, and because such sentences are contrary to the statutory mandate, we vacate the sentences for the gun specifications on both charges.
Furthermore, we find Suttles' contention that all of the firearm specifications should merge to be without merit. To the contrary, we find that the court erred in merging any of the firearm specifications and vacate the sentence accordingly.
Suttles insists that the three firearm specifications should merge pursuant to R.C. 2929.14 because the felonies were committed as part of the same act or transaction. This argument directly conflicts with Suttles' repeated contention at trial, and in his second assignment of error, that his act of shooting Cunningham was in self-defense. Suttles testifed that he picked up the rifle because he was afraid of what Cunningham might do, and that he only shot Cunningham when Cunningham stepped toward him, making Suttles believe that Cunningham was going to kill him.
The test for determining whether merger is appropriate requires atwo-step analysis. State v. Jones (1997), 78 Ohio St.3d 12, 13, citingState v. Blankenship (1988), 38 Ohio St.3d 116, 117. The Ohio SupremeCourt explained the analysis in State v. Mughni (1987), 33 Ohio St.3d 65,67:
 The first step requires a comparison of the elements with which the defendant is charged, for the purpose of discovering whether the elements of both offenses correspond to such a degree that the commission of one offense will result in commission of the other. If so, they are allied offenses of similar import. If the court so finds, it must proceed to the second step, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each. If so, the defendant may be convicted of both.
Pursuant to R.C. 2929.14(D)(1)(b), a court shall not impose a prison term for more than one firearm specification on an offender for felonies committed as part of the "same act or transaction." "Same act or transaction" for purposes of R.C. 2929.14(D)(1)(b) means a series of continuous acts bound together by time, space and purpose, and which are directed toward a single objective. State v. Wills (1994),69 Ohio St.3d 690.
In this case, the trial court merged the firearm specifications to theoffenses of murder and tampering with evidence and refused to merge thefirearm specification attached to the charge of having a weapon whileunder disability. None of these offenses occurred at the same time, orat the same place, and none of these acts were directed toward a singlepurpose or objective. Suttles committed the charge of having a weaponwhile under disability when he picked up the gun and walked across thebar. Suttles committed murder when he shot Cunningham. Suttlescommitted the act of tampering with evidence after he shot Cunningham,when he attempted to hide the rifle by giving it to a friend. Each ofthese acts were motivated by different purposes or objectives.Accordingly, this Court concludes that these three offenses were not partof the "same act or transaction," and thus, the trial court erred inmerging two of the firearm specifications.
Suttles argues that it was an abuse of discretion for the trial court to impose maximum sentences on the charges of having a weapon under disability and tampering with evidence. In support of this assertion, Suttles states that he was not the aggressor, that he was acting in self-defense, and that "he has led a law-abiding life for a significant number of years." We disagree.
A trial court is prohibited from imposing a maximum sentence for asingle offense unless the court sets forth findings on the record thatgive the court's reasons for imposing the maximum. State v. Edmonson(1999), 86 Ohio St.3d 324, 329. The maximum allowable sentence for athird degree felony, tampering with evidence, is five years. R.C.2929.14(A)(3); R.C. 2921.12(B). The maximum sentence for a felony of thefifth degree, having a weapon under disability, is twelve months. R.C.2929.14(A)(5); R.C. 2923.13(C). R.C. 2929.14(C) permits a trial court"to impose the maximum prison term authorized for [a felony] * * * onlyupon offenders who committed the worst forms of the offense, uponoffenders who pose the greatest likelihood of committing future crimes,upon certain major drug offenders * * *, and upon certain repeat violentoffenders * * *."
 In the instant case, the trial court's sentencing entry states that Suttles "poses the greatest likelihood of repeating violent offenses and weapons violations." Accordingly, the trial court complied with R.C. 2929.14(A)(3)(5), and 2929.14(C) in imposing maximum sentences for third and fifth degree felonies.
Finally, Suttles argues that the trial court erred in ordering him to serve his "three underlying sentences consecutively," because he "was acting defensively when th[e] incident occurred," and because he "has been a law-abiding citizen for a substantial number of years." We disagree.
(b) and (c) grants a trial court the authority to impose consecutive sentences if:
 the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds * * * [that] [t]he harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct [or that] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 The trial court found that "[c]onsecutive prison terms are necessary to protect the public and punish the offender[,]" that the consecutive prison terms "are not disproportionate to [Suttles'] conduct and the danger [Suttles] poses[,]" and that "[t]he harm was so great or unusual that a single terms does not adequately reflect the seriousness of the conduct." Accordingly, we find that the trial court did not abuse its discretion in ordering the sentences to be served consecutively.
 III.
The sentences imposed on each firearm specification are hereby vacated. We remand the matter to the trial court with the instruction to impose a three year mandatory sentence on each firearm specification. These specifications do not merge, and, pursuant to the trial court's findings, are ordered to be served consecutively.
The sentencing entry is modified to read that Suttles was found guilty of tampering with evidence with two accompanying firearm specifications, "as contained in Count Six (6) of the Indictment, which offenses occurred on or about January 25, 1998."
In all other respects, the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BAIRD, P. J., SLABY, J., CONCUR.
[1] The indictment also contained a count three and four. However, those charges were brought against Ronald Smith.
[2] The August 12, 1998 supplemental indictment charged Ronald Smith with a firearm specification to count four of the original indictment.
[3] The sentencing entry states that Suttles was found guilty of tampering with evidence, as contained in count four of the indictment. Count four was charged against Ronald Smith, not Suttles. See fn. 1. Count six of the indictment charged Suttles with tampering with evidence.
[4] We note that on December 23, 1998, prior to sentencing, Suttles filed a sentencing brief in which he conceded that each of the firearm specifications carried a mandatory three year sentence.