The State of Ohio, Appellee, *v.* Mastel, Appellant.

[Cite as State v. Mastel (1971), 26 Ohio St. 2d 170.]

(No. 70-143—Decided June 9, 1971.)

*Mr. John D. Martin,* prosecuting attorney, for appellee.

*Mr. Joseph H. Hans,* for appellant.

Schneider, J. Defendant was indicted on three counts, only one of which is involved in this appeal, to-wit: unlawfully and maliciously shooting one Gary Crago with intent to wound him, to which defendant pleaded not guilty.

The evidence showed that defendant drove to the home of Gary in order to talk over the alleged mistreatment

of defendant's children and estranged wife by Gary. Defendant testified that he took a loaded .45 caliber pistol with him in his automobile for protection.

While defendant and Gary were talking, the latter's father, Donald Crago, drove into the driveway and parked beside defendant's car.

Defendant, who by now was holding the .45 caliber pistol in his hand, ordered Donald out of his car, telling him to stand back until he had finished talking with Gary.

Both Cragos and their wives testified that defendant had struck Gary in the face with his hand or fist prior to the shooting, and defendant acknowledged striking Gary at least once in the mouth with the loaded gun itself.

When the altercation ended, three shots had been fired from the .45 pistol, with the last two hitting Gary in the left leg, and the weapon was still in defendant's hand.

Defendant claimed self-defense and that the shooting was accidental.

Before the court's general charge, and thereafter, defendant requested a jury instruction on a lesser included offense of assault and battery, which request was refused. However, the court apparently charged on assault with a dangerous weapon because the jury returned a verdict of guilty of that crime. The Court of Appeals affirmed the judgment entered upon the verdict.

Defendant argues that the jury should have been permitted to consider the offense of assault and battery and that the trial court's refusal, over objection, so to charge resulted in error prejudicial to him. He relies upon *Windle* v. *State* (1921), 102 Ohio St. 439, and upon the more recent *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, which was announced subsequent to defendant's trial.

However, the thrust of both cases is such as to uphold the action of the trial court in its refusal to give the requested charge, and we affirm.

In *Windle, supra* (102 Ohio St. 439), this court remanded for a new trial in a situation involving an indictment charging, in separate counts, shooting with intent to

kill and shooting with intent to wound, where the trial court had refused to charge on the lesser included offense of assault and battery.

Although this would appear to substantiate defendant's position, it does not. The difficulty lies in the assault with the dangerous weapon statute (R. C. 2901.241), which was enacted as late as 1959, 38 years after *Windle*. That section requires the same elements of proof as are required to establish assault and battery, with the added element of the dangerous weapon. No comparable section existed in 1921.

In *State* v. *Nolton, supra* (19 Ohio St. 2d 133), this court indulged in an extended evaluation of different degrees of offenses, and the reasons for appropriate charges, stating that, ". . . if the trier could *reasonably* find against the state and for the accused upon one . . . of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused."

Applying that rationale to the present fact situation, the only element which here differentiates the offense of aggravated assault (the verdict returned) from assault and battery (the charge requested) is the use of the dangerous weapon.

Since defendant's own testimony shows that he not only shot Gary Crago, but also struck him in the mouth with a loaded .45 caliber pistol, it is not reasonable that the jury could find that all the elements of assault and battery were proved, and yet not convict on the charge of assault with a dangerous weapon.

Conversely, if the jury had accepted defendant's claim that he acted in self-defense, his acquittal of the principal offense and his conviction upon any lesser included offense would be unreasonable.

Apparently, the jury did accept the claim that the gun

fired accidentally, thus eliminating the elements of malice and of a specific intent to wound.

However, the evidence fully supports a finding of guilty of assault with a dangerous weapon, based upon defendant's possession and use of the gun *at the time it fired* resulting in Gary being struck in the leg by two bullets. Since the bullets which struck Gary admittedly came from the gun in the possession of the defendant, we think it clear that under the facts of this case defendant could not possibly have been guilty of assault and battery, R. C. 2901.25, *at that particular time,* without also being guilty of aggravated assault, R. C. 2901.241. For this reason, the trial court's refusal to charge on simple assault and battery was not error.

*Judgment affirmed.*

O'NEILL, C. J., STERN and LEACH, JJ., concur.
HERBERT, J., concurs in the judgment.
DUNCAN and CORRIGAN, JJ., dissent.

CORRIGAN, J., dissenting. The jury returned verdicts on the first two counts of guilty of assault with a dangerous weapon on Gary Crago and Donald Crago and not guilty on the third count of assaulting Evelyn Crago with a dangerous weapon. The trial court imposed sentences of one-to-five years on the first two counts, the sentences to run consecutively, and the defendant is presently incarcerated in the Ohio State Penitentiary.

The facts are generally not in dispute. Mastel went to the Crago home armed wih a .45 caliber pistol. An altercation took place and Mastel held Gary Crago and Donald Crago at gun point for a period of time. Finally, Gary was shot twice in the left leg and Mastel left the scene. Mastel contends that the gun went off accidentally in the altercation. During the altercation between Mastel and Gary Crago, Mastel struck Gary Crago two or three times with his right fist while he held the gun in his left hand at his side, and at one point he struck Gary with the gun.

In this appeal, we are concerned only with the refusal

of the trial court, upon request by defendant, to charge upon the lesser included offense of assault and battery in connection with the first count of shooting with intent to wound Gary Crago.

However, in the view of this member of the court, the question thus poised is one of constitutional dimensions involving the defendant's rights of due process.

We start with a consideration of R. C. 2945.74, which provides, in part:

"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

By virtue of that section, where other offenses are included within the offense charged in an indictment, the jury may find the defendant not guilty of the offense charged but guilty of a lesser included offense.

"An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in the indictment." Paragraph two of the syllabus of *State* v. *Hreno* (1954), 162 Ohio St. 193.

"Where the evidence in a criminal case would support a finding by the jury of guilt of a lesser offense included in the offense for which defendant was indicted and tried, the refusal of the trial court to charge upon that lesser included offense is error prejudicial to the rights of defendant." Syllabus of *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79.

The cases supporting this doctrine of charging the jury on lesser included offenses, when supported by the evidence, start early in Ohio's legal history. Almost one hundred years ago, *Heller* v. *State* (1873), 23 Ohio St. 582, held that one indicted for maliciously shooting with intent to kill may be convicted of assault and battery.

More recently, the principle involved here was re-emphasized in *Windle* v. *State* (1921), 102 Ohio St. 439, which seems to be directly in point. The court there held:

"An indictment charging, in separate counts, shooting with intent to kill and shooting with intent to wound includes the lesser offenses of assault and battery and assault, and where upon trial the evidence tends to support such lesser offense or offenses, it is the duty of the court to charge the jury with reference to such lesser offense or offenses."

From the record before us, it is clear that counsel for defendant made a request to the trial court to charge on assault and battery as an included offense. That request was denied. The critical question presented is whether the evidence supports a charge on the lesser included offense of assault and battery. Let us look at the record.

Evelyn Crago, mother of Gary and a state's witness, testified as follows on cross-examination:

"Q. That is all you can identify?

"A. That is when he hit him in the face.

"* * *

"Q. And how close was Bert [Mastel] to your son when he reached out and struck him?

"A. How close was he?

"Q. Yes.

"A. Well, he was pretty close. He worked like a boxer, when he hit him with this one, and he held the gun on him (indicating).

"Q. Held the gun in his right hand?

"A. No, no.

"Q. Didn't you just show the jury how he was holding the gun, and you indicated with your right hand, and you put your left hand out, did you not?

"A. I did, but he held the gun in his left hand at all times.

"Q. Was your son standing directly in front of Bert or standing at an angle to Bert when he was struck?

"A. Oh, he was standing directly, but he kept jump-

ing back every time he would hit him. When he hit him, he would jump back."

The record shows this direct testimony by Frances Crago, wife of Gary Crago, a witness for the state:

"Q. Go ahead.

"A. After she [Evelyn Crago] yelled out, she came back in, and I don't remember which happened first, but he stood back away from Gary, you know, a pretty good distance, where Gary couldn't reach him or anything, and I know he held the gun with one hand and hit him with the other hand.

"Q. Did you see him strike him?

"A. Yes.

"Q. And where did he strike him?

"A. In the face.

"Q. And with what?

"A. With his hand.

"Q. With his hand?

"A. Yes.

"Q. And how many times did he strike him?

"A. I don't know. I really don't.

"Q. Was it more than once?

"A. Yes.

"Q. And would you say it was more than twice?

"A. Yes, sir."

Gary Crago, a prosecuting witness as to the first count, gave this testimony on direct examination:

"Q. Did you at any time grab this gun from Bert Mastel or attempt to grab this gun from Bert Mastel?

"A. No, the only time I remember raising my hand is when he was holding the gun on me, and he smacked me with his other hand, and I raised my hand then."

The record before this court demonstrates explicitly that the trial judge, in connection with the first count of unlawfully and maliciously shooting Gary Crago with intent to wound him, charged on the lesser included offense of assault with a dangerous weapon. The evidence supports a charge on such an included offense, and also

supports a charge on the lesser included offense of assault and battery as to which the court refused to charge.

The jury, of course, may believe all or part of the testimony of any witness. They may separate the testimony as they wish according to what is credible to them. From the portions of the record quoted above, this jury could certainly have returned an assault and battery verdict on the first count if they believed just part of the testimony quoted. Under such a state of the evidence, the defendant is entitled by statute and Ohio case law to a charge to the jury on the lesser included offense of assault and battery.

*State* v. *Nolton* (1969), 19 Ohio St. 2d 133, cannot possibly be applicable here, for the reason that the defense of accidental shooting, presented on behalf of defendant, does not constitute a defense to assault and battery.

Now, as to the prejudicial effect of the trial court's failure to charge on assault and battery, we need not surmise. The record reflects that the jury, in the course of its deliberations, returned to the courtroom with a question for the judge. The question was: "Can we find the defendant not guilty on all three counts?" The judge answered in the affirmative. If the jury had such an inclination at one point in its deliberations, and later returned a guilty verdict of assault with a dangerous weapon on the first count, then the refusal of the court to charge on the included offense of assault and battery on the first count deprived the jury of an instruction and an option on an included offense to the consideration of which the defendant was entitled.

Accordingly, I would hold that the trial court erred to the prejudice of the defendant in refusing to charge the jury on the included offense of assault and battery in connection with the first count in the indictment and I would reverse the judgment of the Court of Appeals as to that first count and remand the cause to the Court of Common Pleas for further proceedings according to law on the first count.

DUNCAN, J., concurs the foregoing dissenting opinion.