[Cite as *John Soliday Fin. Group, L.L.C. v. Moncreace*, 2011-Ohio-1471.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN SOLIDAY FINANCIAL GROUP, LLC | ) ) ) | CASE NO. 09 JE 11 |
| PLAINTIFF-APPELLANT | ) ) | |
| VS. | ) ) | OPINION |
| ANGEL MONCREACE | ) ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from the Court of Common
                                Pleas of Jefferson County, Ohio
                                Case No. 08 CV 308

JUDGMENT:                       Reversed.
                                Default Judgment Reinstated.

APPEARANCES:

For Plaintiff-Appellant:         Atty. Jackson T. Moyer
                                 Cheek Law Offices, LLC
                                 471 E. Broad Street, 12th Floor
                                 Columbus, Ohio  43215

For Defendant-Appellee:          Atty. Thomas E. Zani
                                 Southeastern Ohio Legal
                                 Services Program
                                 100 N. Third Street
                                 Steubenville, Ohio  43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                 Dated:  March 22, 2011

WAITE, P.J.

**{1}** This case originated as an action by a financial institution to recover money damages on an unpaid consumer auto loan. Appellee Angel Moncreace borrowed money in 2004 in Steubenville, Ohio, to purchase a used car. The auto loan was in the amount of $7,996.55. Appellee failed to make payments on the loan, and Appellant John Soliday Financial Group, LLC ("Soliday") filed an action in the Jefferson County Court of Common Pleas to recover the outstanding amount of the loan. Appellee did not respond to the complaint, and Soliday was awarded a default judgment. Appellee subsequently obtained counsel and filed a Civ.R. 60(B) motion for relief from judgment. The trial court granted the motion, and Soliday is now appealing that ruling.

**{2}** This case is governed by *GTE Automatic Elec., Inc. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, which requires a party to establish three things in order to obtain relief from judgment: 1) a meritorious defense; 2) an entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and 3) timeliness of the motion. Appellee's ground for relief was that she had excusable neglect for failing to respond to the complaint because she was not an attorney and did not know of various potential defenses to the complaint until after she hired an attorney to pursue relief from judgment. This rationale amounts to mere inaction on receipt of a civil complaint, and actually evinces a complete disregard of the legal system. Such action does not constitute an acceptable form of excusable neglect. The trial court erred in granting the Civ.R. 60(B) motion, and the judgment of the trial court is reversed.

<u>Background</u>

**{3}** On October 14, 2004, Appellee purchased a 1997 Chrysler Cirrus from ProCar Auto Group in Steubenville. She signed a retail installment credit contract with Atlantic Financial Services, Inc., with a principal amount of $7,996.55, plus interest at a rate of 24.95% per annum. She was required to make payments every two weeks in the amount of $147.87. Appellee failed to make payments on the loan, and Soliday, claiming to be the assignee of the loan, filed suit to collect the debt.

**{4}** The breach of contract complaint was filed on May 23, 2008. Appellee did not respond to the complaint. On August 1, 2008, Soliday filed a motion for default judgment in the amount of $4,653.91 plus interest in the amount of $1,891.03 through July 25, 2008, and future interest to accrue at 24.95% per annum. The court scheduled a hearing for September 15, 2008, and sent notice to the parties. Again, Appellee failed to respond in any way and failed to attend the hearing. The trial court granted the motion on December 30, 2008, and entered judgment as Soliday had requested, approximately seven months after the complaint was filed. No appeal was taken of this judgment entry by Appellee.

**{5}** A certificate of judgment lien against land and tenements was entered on January 12, 2009.

**{6}** Appellee subsequently obtained counsel, and on February 17, 2009, she filed a Civ.R. 60(B) motion for relief from judgment. The motion alleged that Appellee did not know what to do when she received the complaint and that this inaction constituted excusable neglect. The motion also presented a number of

possible defenses to the action, including Soliday's failure to prove the assignment of the loan, failure to attach a copy of the delinquent account to the complaint, failure to provide proper notice of repossession, and failure to act in a commercially reasonable manner. The motion did not allege that Appellee failed to receive the complaint or failed to receive any other court notice or document.

{7} On March 9, 2009, Soliday filed a memorandum contra defendant's motion for relief from judgment. Soliday argued that Appellee was required to establish excusable neglect, a meritorious defense, and timeliness of the motion, in order for the court to grant the motion. Soliday argued that Appellee simply ignored the complaint. Inaction is not a legally acceptable form of excusable neglect. Soliday also argued that the motion was untimely and that no meritorious defense was established.

{8} Appellee filed a further reply on March 12, 2009. The court held a hearing on the motion on March 16, 2009. Most of the hearing dealt with whether Appellee had any meritorious defenses. Soliday presented little challenge to the alleged defenses, but did emphasize that, as a threshold matter, Appellee presented no excusable neglect because Appellee simply ignored the complaint, as well as all the other court filings. (Tr., p. 3.) Appellee's counsel argued that Appellant did not know of the possible legal defenses she might have had because she was not a lawyer, and did not realize her car could be repossessed simply by failing to pay her loan installments. (Tr., pp. 6-7.) She supposedly understood her possible defenses only after she obtained counsel. The trial court appears to have accepted this

reasoning as excusable neglect and granted the motion for relief from judgment on March 18, 2009. This timely appeal followed.

## ASSIGNMENT OF ERROR

{9} "The trial court abused its discretion by holding that Appellee's failure to appear or answer Appellant's complaint was 'excusable neglect' that entitled Appellee to relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure."

{10} Soliday contends that the trial court should not have granted Appellee's motion for relief from judgment because she did not establish excusable neglect for failing to defend against the complaint. The law surrounding Civ.R. 60(B) motions is clear and is correctly cited by both parties. Civ.R. 60(B) is remedial and should be liberally construed so the ends of justice may be served. *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. To prevail upon a Civ.R. 60(B) motion, the movant must demonstrate: 1) a meritorious defense or claim to present if relief is granted; 2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.

{11} "Civ.R. 60(B) may not be used as a substitute for appeal." *Doe v. Trumbull Cty. Children Servs. Bd.* (1986), 28 Ohio St.3d 128, 131, 502 N.E.2d 605. The movant's arguments must not merely reiterate arguments concerning the merits of the case that could have been raised on appeal. *Manigault v. Ford Motor Co.* (1999), 134 Ohio App.3d 402, 412, 731 N.E.2d 236.

{12} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment, that decision will not be reversed unless the trial court abuses its discretion. *Strack* at 174. The term "abuse of discretion" constitutes more than an error of judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{13} In this appeal, Soliday is not challenging whether Appellee may have had a possible meritorious defense or that her motion for relief from judgment was timely filed. The sole issue on appeal is whether the trial court abused its discretion when it concluded that Appellee's failure to respond to the complaint was the result of excusable neglect.

{14} The determination of whether a particular failure is excusable neglect "must be made from all the individual facts and circumstances in each case." *D.G.M., Inc. v. Cremeans Concrete & Supply Co., Inc.* (1996), 111 Ohio App.3d 134, 138, 675 N.E.2d 1263. The Ohio Supreme Court has articulated that neglect is not excusable if it is an act of complete disregard for the judicial system. *Kay*, supra, at 20. Excusable neglect is not present if the party could have prevented the

circumstances from occurring. *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 706 N.E.2d 825. "[C]ourts must not let Civ.R. 60(B) serve as an emasculation of the pleading rules and time limits." *Fifth Third Bank v. Perry*, 7th Dist. No. 03MA100, 2004-Ohio-1543, ¶12.

{15} The instant case is similar to the situation that occurred in *Associated Estates, Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 463 N.E.2d 417. In *Associated Estates, Corp.*, the defendant failed to plead or respond in any way to the complaint despite his admitted receipt of the complaint. The complaint was for unpaid rent. After the defendant received the complaint, he simply waited to see what would happen next instead of answering the complaint. He claimed that he did not appreciate the significance of the court documents and did nothing. The Eighth District Court of Appeals overruled appellant's claims, stating that "[t]he neglect of an individual to seek legal assistance after being served with court papers is not excusable." Id. at 116, 463 N.E.2d 417.

{16} This Court itself has held that "[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute 'excusable neglect' under Civ.R. 60(B)(1) or (5) unless a compelling reason is presented, like a serious illness." *Yuhanick v. Cooper* (Nov. 16, 1998), 7th Dist. No. 96-CO-45, *5.

{17} Similar cases can be found in nearly every appellate district. *Equilease Corp. v. Thompson* (July 6, 1978), 8th Dist. No. 37510 (defendant's failure to answer because of an upcoming vacation is not excusable); *Tom Sweeney, Inc. v. Porter*

(April 30, 1999), 1st Dist. No. C-980337 (failure to seek counsel because it would be expensive is not excusable neglect); *Wilson v. Patel* (Feb. 1, 1995), 2d Dist. No. 14634 (it was not excusable neglect for defendant to fail to answer the civil complaint for battery simply because he thought he was not civilly liable after he had been absolved of criminal liability for assault); *Katko v. Modic* (1993), 85 Ohio App.3d 834, 621 N.E.2d 809 (Eleventh District holds that ignorance of the law is not excusable neglect under Civ.R. 60(B)); *Mid Ohio Securities v. Wolfe*, 9th Dist. No. 21511, 2003-Ohio-5787 (failure to forward a complaint to one's attorney is not excusable neglect); *N. American Specialty Ins. Co. v. Hoff* (Nov. 9, 1993), 10th Dist. No. 93AP-915 (poor record keeping and failure to contact an attorney do not establish excusable neglect).

**{18}** Although Soliday argues that Appellee has experience with litigation from a prior divorce, this evidence is not in the record. Whether Appellee did or did not have prior experience with using an attorney would not determine the outcome of this case. See, e.g., *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (the experience and understanding of the defendant with respect to litigation matters is a relevant consideration but not a decisive factor in establishing excusable neglect).

**{19}** Appellee's argument, both to the trial court and before us, is primarily that her defenses to the complaint are so strong that she did not need to establish excusable neglect, or that any excuse at all should constitute excusable neglect because "any doubt on the categorization of neglect should be resolved in favor of the motion to set aside the judgment so that cases can be decided on their merits."

*WFMJ Television, Inc. v. AT&T Federal Systems-CSC*, 7th Dist. No. 01-CA-69, 2002-Ohio-3013, at ¶21, citing *GTE Automatic Elec. Inc.* The problem with Appellee's argument, and her reliance of *WFMJ Television, Inc.* and similar cases, is that there is no doubt about whether her actions constitute excusable neglect. She chose not to respond to the complaint; chose never to respond to the court. This is never accepted as a form of excusable neglect. Even in the *WFMJ Television, Inc.* case, there was more than mere inaction that was alleged as excusable neglect. In that case, the complaint was addressed to a specific room in defendant's offices, which happened to be the billing department. This room housed thirty employees, but the complaint was not addressed to any particular person in that room. The person designated to process civil complaints never received the complaint. The trial court chose to grant the defendant's Civ.R. 60(B) motion and this was upheld on appeal. Appellee makes no such argument in this case. She simply argues that she was excused from ignoring the complaint and any other filings because she was not an attorney and she did not think of hiring an attorney.

{20} Appellee's reliance on *Wilson v. Lee*, 172 Ohio App.3d 791, 2007-Ohio-4542, is also unwarranted. In *Wilson*, the plaintiff filed an amended personal injury complaint against the tenant and landlord of a building after he was bitten in the face by a dog on the premises. Mr. O'Shea, the landlord, received a copy of the complaint because he was one of the defendants, but he thought that he was just being notified that one of his tenants was being sued. He did not answer the complaint, and default judgment was granted on the liability aspect of the complaint. At this point, O'Shea

realized that he was being held liable, so he immediately obtained counsel and attended the damages hearing. The court awarded damages against O'Shea of almost $70,000, prompting him to file a Civ.R. 60(B) motion for relief from judgment. The trial court overruled the motion, but on appeal, the Second District Court of Appeals reversed and granted relief from judgment. The reasons for granting the motion were: 1) O'Shea filed a timely Civ.R. 60(B) motion and presented possible meritorious defenses; 2) O'Shea's confusion about the amended complaint was understandable; 3) O'Shea responded to the proceedings as soon as he realized his error before final judgment was rendered; and 4) the amount of damages was substantial. Id. at ¶18. The appellate court noted that the result might have been different had the amount of damages been $3,000 rather than $70,000. Id. at ¶19.

{21} In this case, the complaint is directed only to Appellee and there could be no confusion about whether she was the intended defendant; she did not file any type of response until after final judgment was rendered and a judgment lien was issued; and the damages are $4,653, which is a relatively low amount and nothing like the $70,000 at issue in the *Wilson* case. Although Appellee relies on *Wilson,* the facts and circumstances of *Wilson* are much more supportive of Soliday's argument.

{22} We are aware that this is a very rare case in which we are overruling a trial court's decision to grant a motion for relief from judgment, but the record does not reflect even a scintilla of evidence on which to base any excusable neglect. Appellee has simply presented no excusable reason why she failed to respond in any way to the legal proceedings until after a judgment lien was issued. While there does

appear on the record several averments that, if true, may provide her with some kind of meritorious defense, these do not and cannot provide the basis to excuse Appellee's neglect, here.

**{23}** Soliday's argument is persuasive and his assignment of error is sustained. Appellee's only excuses for not answering Soliday's complaint are that she did not know her possible defenses because she was not an attorney, and she did not think of hiring an attorney until after the judgment lien was imposed. These types of arguments, offered to form the basis for excusable neglect, have been rejected time and time again. There is simply nothing in the record on which to base such a finding, here. The judgment of the trial court sustaining Appellee's motion for relief from judgment is hereby reversed and the default judgment reinstated.

Vukovich, J., concurs.

DeGenaro, J., concurs.