[Cite as *Russo v. Fonseca*, 2012-Ohio-5714.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98527**

## CHRISTINE RUSSO

PLAINTIFF-APPELLANT

vs.

## CALIXTO FONSECA

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-760328

**BEFORE:** Blackmon, A.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEY FOR APPELLANT**

Ronald A. Annotico
O'Shea & Associates Co., LPA
Beachcliff Market Square
19300 Detroit Road, Suite 202
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Jessica Handlos
Seeley, Savidge, Ebert & Gourash Co.
26600 Detroit Road, 3rd Floor
Cleveland, Ohio 44145

Andrew S. Pollis
Milton A. Kramer Law Clinic Center
Case Western Reserve University
School of Law
11075 East Boulevard
Cleveland, Ohio 44106

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Christine Russo appeals the trial court's decision granting Calixto Fonseca's motion to vacate a default judgment and assigns the following error for our review:

> **I. The trial court erred in finding that defendant demonstrated excusable neglect for the purposes of Defendant's Civ.R. 60(B) motion, and thus erred in vacating Plaintiff's default judgment.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On July 25, 2011, Russo filed a complaint against Fonseca alleging negligence and battery. On August 2, 2011, Fonseca received the summons and complaint. On September 6, 2011, after Fonseca had failed to file an answer, Russo filed a motion for default judgment, and the trial court scheduled a hearing. On September 29, 2011, the trial court conducted a hearing on the motion for default judgment and on damages. Fonseca failed to appear at the hearing and the trial court granted judgment in Russo's favor in the amount of $96,633.35.

{¶4} On November 7, 2011, Russo filed a creditor's bill suit against Fonseca and his two employers in the Medina Municipal Court. Fonseca failed to file an answer and Russo filed a motion for default judgment. On April 17, 2012, a hearing on the motion for default judgment was conducted,

but Fonseca failed to appear, the trial court granted Russo's motion for default judgment, and ordered Fonseca's two employers to turn over all income due Fonseca to Russo.

{¶5} On May 7, 2012, Fonseca filed a motion to vacate the default judgment on the grounds of excusable neglect. Fonseca attached an affidavit to the motion detailing the events that led to the instant action. Fonseca averred that on the evening of August 14, 2010, he attended a social gathering on a party bus that was hosted by a mutual acquaintance of his and Russo. Fonseca stated that the bus stopped at several bars around Cleveland, that he observed Russo drinking heavily throughout the evening and that, at one point, Russo and her friends were asked to leave a bar for instigating a fight.

{¶6} Fonseca stated that in the early morning of August 15, 2010, as the guests of the party bus were boarding the bus to leave downtown Cleveland, he went to get pizza for the other guests. When Fonseca returned, he observed Russo and another guest standing outside the bus engaged in a heated exchange with a man that was not a guest on the bus. Fonseca stated that when the man threatened Russo and the other guest, he came to their defense.

{¶7} Fonseca stated that a scuffle ensued when the man threatened him and attempted to hit him in the face. Fonseca jumped off the ground and was about to kick the man in self-defense. Russo pushed him from the side, causing him to lose his balance. Fonseca stated that he, as well as Russo, fell to the ground, and that his feet must have struck Russo in the face as they were falling. Fonseca averred that he did not knowingly kick Russo and did not know she had been injured.

{¶8} Fonseca was arrested, subsequently charged with felonious assault, but was acquitted following a jury trial in which both he and Russo, as well as several other guests on the party bus testified. Fonseca received the civil complaint and the motion for default judgment, but because he was acquitted in the criminal case, he did not understand that he was supposed to respond.

{¶9} Fonseca further stated that he received notice that Russo had filed a motion to continue the hearing on the motion for default judgment, but mistakenly believed he would receive notice of a new court date. Finally, Fonseca averred that he received notice of the judgment, but did not understand its significance until his insurance commissions were withheld.

{¶10} Thereafter, Fonseca, who could not afford an attorney, contacted the Legal Aid Society of Cleveland. Legal Aid referred Fonseca to

the Milton A. Kramer Law Clinic Center for the Case Western Reserve University School of Law, who filed the subject motion to vacate the default judgment.

{¶11} On May 23, 2012, the trial court granted Fonseca's motion to vacate the default judgment.

## Motion to Vacate

{¶12} In the sole assigned error, Russo argues the trial court erred when it granted Fonseca's motion for relief from the default judgment pursuant to Civ.R. 60(B).

{¶13} Civ.R. 55(B) states that if a trial court enters a default judgment, the court may set it aside in accordance with Civ.R. 60(B). *MCS Acquisition Corp. v. Gilpin*, 11th Dist. No. 2011-G-3037, 2012-Ohio-3018.

{¶14} A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *TPI Asset Mgt., LLC v. Benjamin*, 10th Dist. No. 11AP-334, 2011-Ohio-6389, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). The term

"abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Deutsche Bank Natl. Trust Co. v. Oyortey*, 10th Dist. No. 11AP-878, 2012-Ohio- 1616, citing *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301 (1990).

**{¶15}** Civ.R. 60(B) states in pertinent part, as follows:

**On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.**

**{¶16}** To prevail on a Civ.R. 60(B) motion to vacate judgment, the moving party must demonstrate the following:

**(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5);**

**and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.** *BAC Home Loans Servicing L.P. v. Komorowski*, **8th Dist. No. 96631, 2012-Ohio-1341, citing** *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, **47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.**

{¶17} Our analysis will focus on the second prong of the *GTE* test, i.e., entitlement to relief under Civ.R. 60(B)(1) through (5). Fonseca sought relief under the "excusable neglect" provision in Civ.R. 60(B)(1).

{¶18} The term "excusable neglect" is an elusive concept that has been difficult to define and to apply. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 1996-Ohio-430, 665 N.E.2d 1102. Unusual or special circumstances can justify neglect, but if the party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable. *Natl. City Bank v. Kessler*, 10th Dist. No. 03AP-312, 2003-Ohio-6938, ¶ 14.

{¶19} "[A] determination of excusable neglect will turn on the facts and circumstances presented in each case." *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 582, 607 N.E.2d 914 (4th Dist.1992), quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980) and *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978). The concept of excusable neglect must be construed in keeping with the notion that Civ.R.

60(B)(1) is a remedial rule to be construed liberally. *Perry v. Gen. Motors Corp.*, 113 Ohio App.3d 318, 321, 680 N.E.2d 1069 (10th Dist.1996), citing *Colley* at 248.

**{¶20}** In the instant case, Fonseca admitted that he received the complaint and subsequent court documents. Generally, a party's failure to plead or respond after admittedly receiving a copy of a court document is not "excusable neglect." *PHH Mtg. Corp. v. Northrup*, 4th Dist. No. 11CA6, 2011-Ohio-6814, ¶ 16. After receiving the summons and a copy of the complaint, a party has an affirmative duty to respond to the complaint in a timely manner. *Kessler*, *supra* at ¶ 16.

**{¶21}** However, when interpreting the phrase "excusable neglect," the United States Supreme Court stated that the standard for reviewing a rejection of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *See Cleveland Mun. School Dist. v. Farson*, 8th Dist. No. 89525, 2008-Ohio-912, quoting *Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

**{¶22}** The supreme court went on to say that these circumstances include "the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id. Pioneer* has been acknowledged to set a more "forgiving" standard and should be given a broad reading. *Id.*, citing *Graphics Comm. Internatl. Union, Local 12 v. Quebecor Printing Providence, Inc.* (1st Cir. R.I. 2001), 270 F.3d 1, 5.

{¶23} Nonetheless, in support of her argument that Fonseca had not demonstrated excusable neglect, Russo cites *John Soliday Fin. Group, LLC v. Moncreace*, 7th Dist. No. 09 JE 11, 2011-Ohio-1471, where the court held that a pro se defendant's failure to answer a complaint was not excusable neglect. Specifically, the court stated: "[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute 'excusable neglect' under Civ.R. 60(B)(1) or (5) unless a compelling reason is presented, like a serious illness." *Id.*, quoting *Yuhanick v. Cooper*, 7th Dist. No. 96-CO-45,1998 Ohio App. LEXIS 5527(7th Dist.).

{¶24} At first glance, the instant case, also involving a pro se litigant, appears identical to *Soliday*. We acknowledge that Fonseca, like the defendant in *Soliday*, failed to file an answer, but we are also mindful that excusable neglect is an elusive  concept that has been difficult to define and to apply. *Kay, supra.*

**{¶25}** In the instant case, although Fonseca did not file an answer, the record indicates that Fonseca averred that he had planned to attend the default hearing. Fonseca further averred that after receiving notice that Russo had sought to continue the default hearing, he mistakenly believed that the court would issue notice of a new date as the court in the criminal matter had done when a continuance had been requested. Viewed in isolation, this claim might not be sufficient to constitute excusable neglect.

**{¶26}** However, we must also consider Fonseca's patent unfamiliarity with civil litigation, coupled with the fact that he was acquitted of the criminal charges, that led him to conclude, in part because of limited financial resources, that he could represent himself in the civil matter. The totality of these circumstances arguably weighs in favor of finding excusable neglect and vacating the default judgment.

**{¶27}** Significantly, Fonseca's acquittal in the criminal matter is a clear signal that he would have a meritorious defense to present if the relief sought were to be granted. Said acquittal leads us to consider the impact of Civ.R. 60(B)(5), the catch-all provision, that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Sell v. Brockway*, 7th Dist. No. 11 CO 30, 2012-Ohio-4552, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983).

**{¶28}** Our consideration is guided by the fact that it is well recognized that the law generally does not favor default judgments and that cases should be decided on their merits whenever possible. *Wilson v. Lee*, 172 Ohio App.3d 791, 2007-Ohio-4542, 876 N.E.2d 1312, ¶ 15 (2d Dist.). Thus, "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec. Inc.*, at paragraph three of the syllabus.

**{¶29}** We also share the preference, particularly where large sums of money are at issue, for deciding cases upon their merits instead of by default. *Young v. Walker*, 8th Dist. No. 49972, 1986 Ohio App. LEXIS 5282 (8th Dist.); *Colley*, *supra*. Here, Russo obtained a default judgment in the amount of $96,633.35, against a defendant who had been acquitted following a jury trial of the underlying basis of the instant civil action. Under these circumstances, we find no abuse of discretion in the trial court's decision to vacate the default judgment and decide the case on the merits. Accordingly, we overrule the sole assigned error.

**{¶30}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
SEAN C. GALLAGHER, J., CONCUR