# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

JOHN SOLIDAY FINANCIAL GROUP, LLC,

Plaintiff-Appellant,

v.

ANGEL MONCREACE AKA ANGEL MCSHAN,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 JE 0019**

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 08-CV-308

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jackson T. Moyer* and *Atty. Thomas R. Myers,* Lyons, Doughty & Veldhuis, P.C., 495 Metro Place South, Suite 360, Dublin, Ohio 43017, for Plaintiff-Appellant and

Angel Moncreace, aka Angel McShan, *Pro Se,* 509 Woodland Avenue, Steubenville, Ohio 43952, Defendant-Appellee.

Dated:  June 12, 2023

**D'APOLITO, P.J.**

**{¶1}** Appellant, John Soliday Financial Group, LLC, appeals from the August 31, 2022 judgment of the Jefferson County Court of Common Pleas, vacating a post-judgment garnishment on wages in favor of Appellee, Angel Moncreace, aka Angel McShan, following this court's decision in *John Soliday Fin. Group, L.L.C. v. Moncreace*, 7th Dist. Jefferson No. 09 JE 11, 2011-Ohio-1471.

**{¶2}** This case originated as an action to recover money damages on an unpaid consumer auto loan. Appellee borrowed money in 2004 to purchase a used car. Appellee failed to make some payments on the loan. As a result, Appellant, a financial institution and an assignee of the loan, filed an action to recover the outstanding debt. Appellee did not respond to the complaint, and Appellant was awarded a default judgment. Appellee subsequently obtained counsel and filed a Civ.R. 60(B) motion for relief from judgment. The trial court granted the motion.

**{¶3}** Appellant filed its first appeal, Case No. 09 JE 11, raising one assignment of error: "The trial court abused its discretion by holding that Appellee's failure to appear or answer Appellant's complaint was 'excusable neglect' that entitled Appellee to relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure." *Soliday, supra,* at ¶ 9. On March 22, 2011, this court found merit in Appellant's argument, reversed the judgment of the trial court sustaining Appellee's motion for relief from judgment, and reinstated the default judgment. *Id.* at ¶ 23.

**{¶4}** In the present appeal, Case No. 22 JE 0019, Appellant asserts the trial court abused its discretion in vacating the post-judgment garnishment on wages and finding the underlying judgment was paid and discharged, against the manifest weight of the evidence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶5}** The material facts in this matter were summarized as follows in Appellant's first appeal:

On October 14, 2004, Appellee purchased a 1997 Chrysler Cirrus from ProCar Auto Group in Steubenville. She signed a retail installment credit

contract with Atlantic Financial Services, Inc., with a principal amount of $7,996.55, plus interest at a rate of 24.95% per annum. She was required to make payments every two weeks in the amount of $147.87. Appellee failed to make payments on the loan, and [Appellant] Soliday, claiming to be the assignee of the loan, filed suit to collect the debt.

The breach of contract complaint was filed on May 23, 2008. Appellee did not respond to the complaint. On August 1, 2008, [Appellant] Soliday filed a motion for default judgment in the amount of $4,653.91 plus interest in the amount of $1,891.03 through July 25, 2008, and future interest to accrue at 24.95% per annum. The court scheduled a hearing for September 15, 2008, and sent notice to the parties. Again, Appellee failed to respond in any way and failed to attend the hearing. The trial court granted the motion on December 30, 2008, and entered judgment as [Appellant] Soliday had requested, approximately seven months after the complaint was filed. No appeal was taken of this judgment entry by Appellee.

A certificate of judgment lien against land and tenements was entered on January 12, 2009.

Appellee subsequently obtained counsel, and on February 17, 2009, she filed a Civ.R. 60(B) motion for relief from judgment. The motion alleged that Appellee did not know what to do when she received the complaint and that this inaction constituted excusable neglect. The motion also presented a number of possible defenses to the action, including [Appellant] Soliday's failure to prove the assignment of the loan, failure to attach a copy of the delinquent account to the complaint, failure to provide proper notice of repossession, and failure to act in a commercially reasonable manner. The motion did not allege that Appellee failed to receive the complaint or failed to receive any other court notice or document.

On March 9, 2009, [Appellant] Soliday filed a memorandum contra [to] defendant's motion for relief from judgment. [Appellant] Soliday argued that

Appellee was required to establish excusable neglect, a meritorious defense, and timeliness of the motion, in order for the court to grant the motion. [Appellant] Soliday argued that Appellee simply ignored the complaint. Inaction is not a legally acceptable form of excusable neglect. [Appellant] Soliday also argued that the motion was untimely and that no meritorious defense was established.

Appellee filed a further reply on March 12, 2009. The court held a hearing on the motion on March 16, 2009. Most of the hearing dealt with whether Appellee had any meritorious defenses. [Appellant] Soliday presented little challenge to the alleged defenses, but did emphasize that, as a threshold matter, Appellee presented no excusable neglect because Appellee simply ignored the complaint, as well as all the other court filings. * * * Appellee's counsel argued that Appell[ee] did not know of the possible legal defenses she might have had because she was not a lawyer, and did not realize her car could be repossessed simply by failing to pay her loan installments. * * * She supposedly understood her possible defenses only after she obtained counsel. The trial court appear[ed] to have accepted this reasoning as excusable neglect and granted the motion for relief from judgment on March 18, 2009. [Appellant's] timely appeal followed.

*Id.* at ¶ 3-8.

{¶6} As stated, on March 22, 2011, this court found merit in Appellant's argument, reversed the judgment of the trial court sustaining Appellee's motion for relief from judgment, and reinstated the default judgment. *Id.* at ¶ 23.

{¶7} Thereafter, beginning in June of 2011, Appellant pursued post-judgment enforcement.[1] In 2015, Appellant obtained a garnishment on Appellee's wages. Appellee filed an objection. The trial court held a hearing on August 10, 2015.

{¶8} At that hearing, Appellee appeared pro se. Appellee stated, "after the judgment was made of 11,800 I've been paying them [Appellant] on time and every time

---

[1] At that time, the amount due was $10,629.88.

since 2012." (8/10/2015 Hearing Tr., p. 4). Appellee experienced some family issues with her sister getting almost killed and either missed a payment or sent it to the wrong place. (*Id.*) Appellee said, "[s]o, they [Appellant] withdrew the agreement. I paid them over $8,000. I only owe them a little over 3,000." (*Id.*) Appellee apologized to Appellant but Appellant revoked their initial $200 monthly agreement because she was late. (*Id.* at p. 4, 6).

**{¶9}** Appellant revealed the foregoing was "essentially accurate." (*Id.* at p. 5). The trial judge responded, "So, what's the matter with you people?" (*Id.*) Appellee asserted she does not owe Appellant for the car because Appellant took the car and resold it. (*Id.* at p. 6). Appellee stressed she had never been late since 2012. (*Id.*) The judge asked Appellee, "So, as we stand here right now are you behind or not?" (*Id.* at p. 7). Appellee replied, "No[.]" (*Id.*) Appellee explained by saying, "I'm not behind but I missed this payment because my lawyer said, 'Wait till the hearing[.]'" (*Id.*) Appellee and her legal aid attorney at the time requested Appellant "put her back on the budget" as "she got this payment down to a little over 3,000 from 11,800." (*Id.*)

**{¶10}** The court also heard from Appellant's counsel revealing that this garnishment had to be reset a couple times and that this matter was taken to the Court of Appeals which reinstated the default judgment. (*Id.* at p. 5).

**{¶11}** After considering the statements, the court took Appellee's objection to the garnishment "under advisement" and told her, "[i]n the meantime make your regular payments." (*Id.* at p. 7). No ruling was made on the 2015 objection.

**{¶12}** On May 25, 2022, Appellant filed a subsequent wage garnishment. Appellee filed an objection. The trial court held a hearing on August 22, 2022.

**{¶13}** At that hearing, Appellee appeared pro se. Appellant's counsel asked the trial court to permit the garnishment to proceed. (8/22/2022 Hearing Tr., p. 4). Appellant's counsel said he spoke with Appellee, indicating "she thought there was an agreement that if she paid a certain amount, the interest would be waived." (*Id.* at p. 3-4). Appellant's counsel stated, "I asked her if she brought any of those records in, and she indicated she doesn't have any proof that she paid this off or that there was an agreement to waive the balance." (*Id.* at p. 4). Appellee merely stated, "I paid everything." (*Id.* at p. 7). The court concluded the hearing by indicating, "I'll take it under advisement" and "I'm going to dig

Case No. 22 JE 0019

up that last hearing [(from August 10, 2015)], and we'll see what that does." (*Id.* at p. 7-8).

**{¶14}** On August 31, 2022, the trial court vacated the post-judgment garnishment on wages in favor of Appellee. The court stated, "Pursuant to the Transcript of Hearing of August 10, 2015 the Court finds that the Judgment has been paid in full and discharged. The wage garnishment is vacated and all funds shall be returned to Defendant [Appellee]." (8/31/2022 Judgment Entry).

**{¶15}** Appellant filed the current appeal, Case No. 22 JE 0019, and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING ITS ORDER OF GARNISHMENT OF PERSONAL EARNINGS AT THE JUDGMENT DEBTOR'S REQUEST IN THE ABSENCE OF ANY EVIDENCE ESTABLISHING THAT THE JUDGMENT HAD BEEN PAID, OR THAT THE GARNISHMENT ORDER WAS IN ANY WAY IMPROPER.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT'S DETERMINATION THAT THE JUDGMENT WAS PAID AND DISCHARGED WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE WHERE THERE WAS NO TESTIMONY OR DOCUMENTS PRESENTED TO THE COURT TO PROVE PAYMENT.**

**{¶16}** In its first assignment of error, Appellant argues the trial court abused its discretion in vacating the garnishment and finding the judgment was paid and discharged. In its second assignment of error, Appellant alternatively contends the court's finding that the judgment was paid and discharged was against the manifest weight of the evidence. Because Appellant's assignments are interrelated, we will address them together for ease of discussion.

**{¶17}** An order vacating a garnishment and finding that the judgment was paid and discharged is a final appealable order. *See* R.C. 2505.02(B)(1) and (3).

Case No. 22 JE 0019

**{¶18}** Civ.R. 60, "Relief from judgment or order," applies where a court entertains a judgment debtor's request to declare a judgment paid and discharged, and states at (B)(4):

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> * * *
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]

Civ.R. 60(B)(4).

> The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 12. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799 (1995).

*Paczewski v. Antero Resources Corp.*, 7th Dist. Monroe No. 18 MO 0016, 2019-Ohio-2641, ¶ 27.

**{¶19}** "It has long been the law in Ohio that, '(a) party who is entitled to an entry of an order of satisfaction of a judgment previously rendered against him may obtain an order for such entry on motion and proof of payment.'" *Youngstown Buick Co. v. Hayes*, 7th Dist. Mahoning No. 98-CA-159, 2000 WL 1635710, *8 (Oct. 26, 2000), quoting *Edwards v. Passarelli Bros. Automotive Services, Inc.*, 8 Ohio St.2d 6, paragraph one of the syllabus (1966).

The Ohio Supreme Court has explained that the manifest weight of the evidence standard set forth in *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), a criminal case, also applies in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23. As explained in *Thompkins*:

The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

*Thompkins, supra*, at 387. However, in weighing the evidence, "the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 21.

*P.N. v. A.M.*, 7th Dist. Mahoning No. 20 MA 0033, 2021-Ohio-1163, ¶ 34.

A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed for being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. Moreover, the trier of fact is in the best position to weigh the evidence presented and judge the credibility of witnesses by observing their gestures, voice inflections, and demeanor. *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The finder of fact is free to believe some, all or none of the testimony presented by each witness and can decide between credible and incredible parts of witness testimony. *State v. Mastel,* 26 Ohio St.2d 170, 176, 270 N.E.2d 650 (1971). When presented with two fairly reasonable perspectives regarding the evidence or with two conflicting versions of events, neither of which can be ruled out as unbelievable, we will not choose which one is more credible. *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

*Vaughn v. Oliver*, 7th Dist. Mahoning No. 20 MA 0080, 2021-Ohio-3595, ¶ 38.

**{¶20}** As stated, in the appealed August 31, 2022 judgment, the trial court held, "Pursuant to the Transcript of Hearing of August 10, 2015 the Court finds that the Judgment has been paid in full and discharged. The wage garnishment is vacated and all funds shall be returned to Defendant [Appellee]." (8/31/2022 Judgment Entry).

**{¶21}** At the August 10, 2015 hearing, Appellee appeared pro se. Again, Appellee stated, "after the judgment was made of 11,800 I've been paying them [Appellant] on time and every time since 2012." (8/10/2015 Hearing Tr., p. 4). Appellee experienced some family issues with her sister getting almost killed and either missed a payment or sent it to the wrong place. (*Id.*) Appellee said, "[s]o, they [Appellant] withdrew the agreement. I paid them over $8,000. I only owe them a little over 3,000." (*Id.*) Appellee apologized to Appellant but Appellant revoked their initial $200 monthly agreement because she was late. (*Id.* at p. 4, 6).

**{¶22}** Appellant revealed the foregoing was "essentially accurate." (*Id.* at p. 5). The trial judge responded, "So, what's the matter with you people?" (*Id.*) Appellee asserted she does not owe Appellant for the car because Appellant took the car and resold it. (*Id.* at p. 6). Appellee stressed she had never been late since 2012. (*Id.*) The judge asked Appellee, "So, as we stand here right now are you behind or not?" (*Id.* at p. 7). Appellee replied, "No[.]" (*Id.*) Appellee explained by saying, "I'm not behind but I missed this payment because my lawyer said, 'Wait till the hearing[.]'" (*Id.*) Appellee and her legal aid attorney at the time requested Appellant "put her back on the budget" as "she got this payment down to a little over 3,000 from 11,800." (*Id.*)

**{¶23}** Upon consideration, this court stresses Appellee purchased the car at issue back in 2004 with a principal amount of $7,996.55. At oral argument, Appellant revealed that with accrued interest at the rate of 24.95 percent per annum, Appellee owes $21,068.53 for a vehicle that Appellant repossessed and resold to another buyer back in 2008. Appellee admitted to owing some $3,000 at the time of the August 2015 hearing. However, Appellee revealed during oral argument that that amount has since been paid. Appellee stressed she is a financially struggling mother of three children and did not keep all of her money order receipts. Appellee also noted that her legal aid attorney only kept documents and receipts for seven years and, thus, has since purged her records.

{¶24} Thus, based on the facts presented and in the interests of justice, we determine the trial court did not abuse its discretion in vacating the garnishment and finding the judgment was paid and discharged. The court's judgment is not against the manifest weight of the evidence.

## CONCLUSION

{¶25} For the foregoing reasons, Appellant's assignments of error are not well-taken. The August 31, 2022 judgment of the Jefferson County Court of Common Pleas vacating the post-judgment garnishment on wages in favor of Appellee is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 22 JE 0019

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**