JOURNAL ENTRY AND OPINION
{¶ 1} Father (or "appellant") appeals the juvenile court division's ruling denying his Civ.R. 60(B) Motion for Relief from Judgment from a disposition of a Permanent Planned Living Arrangement ("PPLA") entered as a result of an agreement between Father and the Cuyahoga County Department of Children and Family Services ("CCDCFS") regarding the custody of his biological daughter, A.I.
 {¶ 2} On February 25, 2002, the CCDCFS moved the Cuyahoga County Juvenile Court to modify temporary custody to permanent custody of the minor child, A.I.A.I. previously had been adjudicated neglected and placed in the temporary custody of CCDCFS.
 {¶ 3} The motion to modify temporary custody to permanent custody alleged the following facts: A.I. had been in CCDCFS custody for more than twelve months of a consecutive 22-month period; A.I.'s parents failed to remedy the conditions causing removal; A.I had been removed from Father's care on three separate occasions; Father had abandoned A.I.; Father demonstrated a lack of commitment to A.I.; and finally, it was in the best interest of A.I. to maintain her current placement.
 {¶ 4} On July 29, 2002, all parties, including Father, appeared for trial on the motion for permanent custody. Father was represented by counsel. After preliminary matters were resolved, opening statements were made and witness testimony was taken from CCDCFS social worker, Sara Krek.
 {¶ 5} When trial resumed following the lunch recess, the trial court noted that there had been some discussion among the parties pertaining to a potential settlement agreement regarding the motion for permanent custody of A.I. A long discussion then occurred between the trial court and the parties. Father expressed his indecision to agree to PPLA, which placed A.I. with her current foster family and offered Father visitation rights. Father asked the trial court many questions, and the trial court took great care in answering without bias. The trial court informed Father of all his legal rights and also the possible outcomes of proceeding with trial or, alternatively, for agreeing to the proposed PPLA settlement.
 {¶ 6} After discussion with the trial court, Father requested a five-minute recess to consider the PPLA agreement. After consulting with his attorney, Father clearly expressed his intention to the trial court to consent to the PPLA settlement rather than running the risk of losing all contact with his daughter forever, should the motion for permanent custody be granted in favor of CCDCFS.
 {¶ 7} As a result of Father's decision and the evidence presented, the trial court placed A.I. in PPLA with CCDCFS. On August 16, 2002, Father filed both a motion for a new trial and a motion for the trial court to recuse himself. These motions were denied. Father appealed the denial of these motions to this court in the case of In re A.I. (May 29, 2003), Cuyahoga App. No. 81804, which appeal was dismissed for lack of jurisdiction. Thereafter, Father filed a Civ.R. 60(B) Motion for Relief from Judgment, which was denied without a hearing and led to the instant appeal.
 {¶ 8} Father presents three assignments of error for review. We will first address his second and third assignments of error together since they are interrelated.
"II. The trial court erred in ruling on appellant's civil rule 60(B) Motion absent a hearing, thereby depriving him of valuable federal constitutional rights."
"III. The trial court's denial of the 60(b) motion absent a Hearing was an abuse of discretion."
 {¶ 9} Father claims the trial court abused its discretion and violated his constitutional rights by not granting him an evidentiary hearing on his Civ.R. 60(B) Motion for Relief from Judgment.
 {¶ 10} Civ.R. 60(B) states:
 {¶ 11} "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been previously discovered so as to move for a new trial under Civ.R. 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which this judgment is based has been vacated or reversed, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate: (1) that the moving party has a meritorious defense or claim to present if relief is granted; (2) that the moving party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion for relief is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken.GTE Automatic Electric, Inc. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146, ¶ 2 of the syllabus.
 {¶ 13} Only if a moving party demonstrates all three elements of GTE is an evidentiary hearing warranted on the motion for relief. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18. What constitutes a reasonable time for filing the motion for relief is left to the sound discretion of the trial court. Wellsv. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 290;Payne v. Payne (May 20, 1999), Cuyahoga App. No. 74014 at 8.
 {¶ 14} In regard to the element requiring the movant to demonstrate that he has a meritorious defense or claim, movant only must allege operative facts that are sufficient to constitute a meritorious defense or claim if found to be true.Colley v. Bazell (1980), 64 Ohio St.2d 243, 247; Fouts v.Weiss-Carson (1991), 77 Ohio App.3d 563, 565.
 {¶ 15} A trial court abuses its discretion when it denies a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. Kay, supra, paragraph one of the syllabus.
 {¶ 16} In reviewing a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoffv. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254.
 {¶ 17} In the instant matter, Father fails to demonstrate operative facts sufficient to establish that he has a meritorious defense or claim. He claims his attorney used coercive tactics, pressure, and undue influence to get him to consent to the permanent planned living arrangement for A.I. He further claims that this undue influence exerted by his attorney also led to a second reason in support of his Civ.R. 60(B) motion, ineffective assistance of counsel. We find both of these arguments to be without merit.
 {¶ 18} Father does not state, either in his Motion for Relief from Judgment or in his appellate brief, how his attorney exerted undue influence over his decisions. He did not state on the record to the trial court that he thought his attorney was exerting undue pressure on him to consent to the agreement. Moreover, he fails to state specific operative facts in his appellate brief or in his Civ.R. 60(B) motion citing how his attorney exerted undue influence over him. For example, did his attorney physically or psychologically threaten him, make false statements or misrepresentations about the outcome of the trial, or engage in some other type of forbidden conduct? These operative facts are essential to support the assertions of undue influence and are lacking from his Civ.R. 60(B) motion and his appellate brief. A self serving affidavit full of baseless allegations, which lacks these particular operative facts explaining the "how" is legally insufficient to warrant a hearing on a 60(B) motion.
 {¶ 19} Furthermore, after reviewing the trial transcript, it is apparent that Father made his own choice to consent to the PPLA arrangement for A.I. He was very active during the hearing, engaging the trial court in a discussion spanning over seven pages of the transcript. He and the trial court discussed the option of proceeding with trial versus consenting to the PPLA agreement; he was also informed of all his legal rights. He was told that if this case proceeded to trial, based on the evidence presented, the court could award him custody or could award permanent custody to CCDCFS. The court also explained all the legal consequences of the Father's decision. In the end, Father asked for a five-minute break with his attorney to think about his decision; he then returned to consent to the PPLA agreement. According to the trial transcript, he consented in open court to the PPLA agreement, stated that he loved his daughter very much and did not want to risk losing all legal rights to see her by going forward with trial.
 {¶ 20} We find no abuse of discretion in denying Father an evidentiary hearing based on his Civ.R. 60(B) motion because he has failed to establish the first prong of the GTE test. The second and third assignments of error are hereby overruled. Given our ruling on the second and third assignments of error, Father's first assignment of error is hereby rendered moot.[1]
 {¶ 21} The judgment is affirmed.
Judgment affirmed.
Anne L. Kilbane, P.J., and Timothy E. Mcmonagle, J., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] "The trial court erred in denying appellant's 60(b) Motion for relief from judgment thereby depriving him of valuable federal constitutional rights."