[Cite as *Brownfield v. Jeffers*, 2019-Ohio-5045.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

DENEICE L. BROWNFIELD,

Plaintiff-Appellee,

v.

J.A. JEFFERS ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MO 0003**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2018-249

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Craig Wilson,* C.J. Wilson Law, LLC, 503 South High Street, Suite 200, Columbus, Ohio 43215, for Plaintiff-Appellee

*Atty. Todd Abbott,* Yoss Law Office, 122 North Main Street, Woodsfield, Ohio 43793, for Defendants-Appellants.

Dated:  December 5, 2019

_____

**D'APOLITO, J.**

{¶1}    Appellants, Thomas and Laura Patterson ("the Pattersons"), appeal from the January 23, 2019 judgment of the Monroe County Court of Common Pleas, denying their Civ.R. 60(B) motion for relief from judgment.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    Appellee, Deneice Brownfield, along with her four siblings and their respective spouses, Laura (Thomas) Patterson, Sheila (Roy) Wilson, Karen (James) Wheeler, and James (Jeanette) Smith (collectively "Siblings"), acquired an undivided one-fifth interest in the surface estate of 69.44 acres of land located in Adams Township, Monroe County, Ohio, from their mother, Hilda Smith, by virtue of a Warranty Deed dated June 5, 2013 and recorded in Volume 243, Page 842 in the Deed Records.  (Exhibit A).

{¶3}    Thereafter, Siblings entered into an oil and gas lease with Greenwood Energy, LLC.  (Exhibit B).  Siblings subsequently learned of a previously severed oil and gas mineral interest in the property, namely a Warranty Deed dated December 29, 1898, in which Elizabeth and Ebenezer Taylor conveyed all of the petroleum oil, gas and any other minerals in the property to Mira Jeffers and J.A. Jeffers, recorded on December 31, 1898 in Volume 56, Page 421 in the Deed Records ("Jeffers Interest").  (Exhibit C).  As a result, Siblings retained Attorney Cheri Ramsburg in order to begin and complete the statutory process in deeming the Jeffers Interest abandoned via the Dormant Mineral Act.

{¶4}    In early 2018, Ms. Brownfield discovered that Gulfport Energy Corp. and/or Gulfport Appalachia, LLC ("Gulfport"), through various assignments, disputed the effectiveness of the family's use of the Dormant Mineral Act process, and Gulfport expressed an opinion that the heirs of Mira Jeffers and J.A. Jeffers still owned the Jeffers Interest.  Siblings discussed hiring counsel to jointly file a declaratory judgment and quiet title action in an attempt to acquire the Jeffers Interest.  Nevertheless, after months of discussion among Siblings and contact with three different law firms, they collectively elected not to pursue a claim to the Jeffers Interest.  Ms. Brownfield, however, later decided to pursue an action on her own.

**{¶5}** On June 25, 2018, Ms. Brownfield filed a complaint for declaratory judgment and to quiet title. Ms. Brownfield named three different groups of defendants in her complaint: (1) Mira Jeffers and J.A. Jeffers, their unknown heirs, devises, spouses, executors, administrators, relicts, next of kin and assigns, including Scott C. Douglass, Jeri Douglass, Donald W. Douglass, Barbara Douglass, Marianne Douglass Caudill, Gar J. Douglass, Lisa Douglass, The Estate of Georgia A. Jeffers, Michael E. Flynn, Barbara Z. Flynn, Michael E. Flynn and Barbara Z. Flynn, Co-Trustees of the Michael E. Flynn and Barbara Z. Flynn Family Trust, Furman Wood and C. Wilson House, III Trustees of the Gail Flemming Ruggles Testamentary Trust, James T. Fleming, Joseph L. Fleming, and Kimbralee Fleming, and their respective successors and assigns ("Jeffers Heirs"); (2) Greenwood Energy, LLC, Nora Crosby Holdings, LLC, Phive Starr Properties, LP, Creekside Resources, Inc., and Gulfport ("Lessees"); and (3) James C. Smith, Jeanette M. Smith, Laura S. Patterson, Thomas H. Patterson, Sheila F. Wilson, Roy E. Wilson, Karen I. Wheeler, and James R. Wheeler ("remaining Siblings") (Jeffers Heirs, Lessees, and remaining Siblings are collectively called "Defendants").

**{¶6}** Ms. Brownfield's complaint asserts three counts against Defendants: (1) a request for declaratory judgment that, pursuant to the Dormant Mineral Act, the Jeffers Interest has been deemed abandoned and vested in Ms. Brownfield; (2) a request for declaratory judgment that, pursuant to the Marketable Title Act, the Jeffers Interest has been extinguished and vested in Ms. Brownfield; and (3) a request that Ms. Brownfield's title to the oil and gas rights be quieted in her favor and against Defendants.

**{¶7}** The Pattersons were served with the complaint on July 2, 2018, USPS tracking number 70162710000000578688. Mrs. Patterson called Attorney Craig Wilson, Ms. Brownfield's counsel, expressing her discontent with his client and indicating that she did not want to be involved in the lawsuit. Mrs. Patterson stated at that time that she was discussing the matter with her brother, James Smith, and with the Yoss Law Firm.

**{¶8}** On July 11, 2018, Attorney Todd Abbott with the Yoss Law Firm wrote a letter to Attorney Wilson asking Ms. Brownfield to dismiss the remaining Siblings from the lawsuit and to not strip them of their interests in the Jeffers Interest. (Exhibit 2A). Ms. Brownfield was not agreeable to the remaining Siblings' "free-ride" request. (Exhibit 2B).

**{¶9}** On July 24, 2018, Attorney Abbott appeared for the limited purpose of filing a motion for extension of time to move, answer or otherwise plead for the remaining Siblings, which was granted by the trial court. Attorney Abbott indicated in the motion that he had only recently been in contact with some or all of the named Defendants to discuss representation in this matter. Attorney Abbott further indicated in the motion that additional time was necessary to discuss the terms of any potential representation and to determine which of the Defendants, if any, he would represent in this matter.

**{¶10}** Thereafter, Ms. Brownfield emailed her brother, James Smith, asking if he and their sister, Mrs. Patterson, were planning to participate in the lawsuit. (Exhibit 1B). Mr. Smith responded "no [Mrs. Patterson] and I decided not to do anything and let the judge make the decision and we would live by it." (*Id.*) Thus, the Smiths and the Pattersons never filed an answer to Ms. Brownfield's complaint.

**{¶11}** Rather, three answers were filed in this case: (1) Greenwood Energy, LLC, Nora Crosby Holdings, LLC, and Creekside Resources, Inc. on July 26, 2018; (2) Gulfport on August 8, 2018; and (3) the Wilsons and the Wheelers on August 21, 2018 (Attorney Abbott indicated in the notice and answer for the Wilsons and the Wheelers that he had no further discussions with the Smiths and the Pattersons and that he was not representing them in this matter).

**{¶12}** On October 11, 2018, Ms. Brownfield filed a motion for default judgment against the non-answering Defendants, including the Jeffers Heirs, the Smiths, the Pattersons, Phive Starr Properties, LP, and Greenwood Energy, LLC. On November 26, 2018, the trial court issued an order for default judgment in favor of Ms. Brownfield effectively vesting her with three-fifths interest in the Jeffers Interest. On December 10, 2018, the trial court issued a nunc pro tunc order correcting an error in the order for default judgment, reversing default judgment against Greenwood Energy, LLC because it had timely and properly answered the complaint.

**{¶13}** The Pattersons subsequently retained Attorney Abbott and on January 3, 2019, filed a Civ.R. 60(B) motion for relief from judgment related to the trial court's order for default judgment and nunc pro tunc order.[1] In that motion, the Pattersons contend

---

[1] The Smiths filed a similar motion. However, the Smiths later reached a settlement agreement with Ms. Brownfield, as did the Wilsons and the Wheelers, and they were all dismissed by the trial court.

that the trial court should allow them to answer the complaint because: (1) they are co-tenant owners of the surface estate of the subject property and worked together with Ms. Brownfield in the Dormant Mineral Act process; (2) they have a meritorious defense because Ms. Brownfield's declaratory judgment related to the Dormant Mineral Act and Marketable Title Act applies to the Jeffers Heirs and not to them; (3) they were mistaken in their belief that they would be entitled to one-fifth of whatever oil and gas rights acquired by Ms. Brownfield in the lawsuit because they are a one-fifth owner of the surface estate; (4) they were misled in their belief that they would be entitled to one-fifth of whatever oil and gas rights acquired by Ms. Brownfield in the lawsuit as a one-fifth owner of the property based on a conversation with Ms. Brownfield and her attorney; and (5) they appeared in the case and were not served with a copy of the motions or the order for default judgment and nunc pro tunc order.

{¶14} On January 14, 2019, Ms. Brownfield filed a response to the Pattersons' Civ.R. 60(B) motion asserting that: (1) the Pattersons knowingly elected to not claim any right to the Jeffers Interest; (2) the Pattersons had multiple opportunities to protect their interest; (3) the Pattersons were not mistaken or misled; and (4) the trial court's issuance of default judgment was proper because the Pattersons had not appeared in the case.

{¶15} On January 23, 2019, the trial court denied the Pattersons' Civ.R. 60(B) motion. On February 22, 2019, the Pattersons filed a notice of appeal of the trial court's issuance of the November 26, 2018 order for default judgment, the December 10, 2018 nunc pro tunc order, and the January 23, 2019 judgment denying their Civ.R. 60(B) motion. The Pattersons raise two assignments of error for this court's review.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF-APPELL[EE] AND AGAINST DEFENDANTS-APPELLANTS.**

{¶16} As stated, the Pattersons filed a notice of appeal on February 22, 2019 from three separate judgments: (1) a November 26, 2018 default judgment entry; (2) a

December 10, 2018 nunc pro tunc default judgment entry; and (3) a January 23, 2019 Civ.R. 60(B) judgment entry.

{¶17} On March 7, 2019, Ms. Brownfield filed a motion to partially dismiss this appeal as untimely filed under App.R. 4(A) with respect to the November 26, 2018 and December 10, 2018 judgments. The Pattersons opposed the motion on May 28, 2019 and filed their appellate brief that same date. Ms. Brownfield filed a reply in support on June 14, 2019 and filed her appellate brief that same date. The Pattersons filed a reply brief on June 24, 2019.

{¶18} On June 26, 2019, this court agreed with Ms. Brownfield and granted her partial motion to dismiss this appeal. Specifically, this court stated:

> App.R. 4(A)(1) states: "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."
>
> The 30-day time period in App.R. 4(A) is a jurisdictional requirement for a court of appeals. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988). If an appeal is not timely filed, it must be dismissed. *Id.*
>
> App.R. 4(A)(3) states: "In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."
>
> Civ.R. 58(B) states: "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties *not in default for failure to appear* notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete." [(Emphasis sic.)]

The November 26, 2018 and December 10, 2018 judgments are default judgments against Appellants for failure to appear.  Thus, Civ.R. 58(B) did not require service upon them by the clerk and does not act to extend the time for filing a civil appeal.  *Aguirre v. Sandoval*, 5th Dist. Stark No. 2010CA00001, 2010-Ohio-6006.  For this reason, the notice of appeal with respect to the November 26, 2018 and December 10, 2018 judgment entries is stricken from the record.

Appellee's partial motion to dismiss is well-taken and the November 26, 2018 and December 10, 2018 judgment entries are no longer part of this appeal.

(6/26/2019 Judgment Entry p.1-2)

{¶19}  Accordingly, because this court has granted Ms. Brownfield's partial motion to dismiss this appeal, as to the trial court's November 26, 2018 and December 10, 2018 default judgment entries, we dismiss the Pattersons' first assignment of error as moot. *See* App.R. 12(A)(1)(c); *Blisswood Village Home Owners Association v. Genesis Real Estate Holdings Group, L.L.C.,* 8th Dist. Cuyahoga Nos. 105312 and 105575, 2018-Ohio-1080, ¶ 17.  Thus, only the trial court's January 23, 2019 Civ.R. 60(B) judgment entry is properly before us.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT.**

In order to prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Ohio Receivables, LLC v. Millikin*, 7th Dist. Columbiana No. 17 CO

0038, 2018-Ohio-3734, ¶ 19, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Courts are not required to hold a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative facts to support relief under Civ.R. 60(B). *Id.* at ¶ 19, citing *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935, 76 N.E.3d 653, ¶ 40 (7th Dist.).

The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 12. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799 (1995).

*Paczewski v. Antero Resources Corp.*, 7th Dist. Monroe No. 18 MO 0016, 2019-Ohio-2641, ¶ 26-27.

**{¶20}** In this case, Ms. Brownfield does not contest that the Pattersons may have a meritorious defense or claim (*GTE* first prong) or that the Pattersons' Civ.R. 60(B) motion was timely filed (*GTE* third prong). Rather, the only issue here is whether the Pattersons are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) (*GTE* second prong).

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based

Case No. 19 MO 0003

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

**{¶21}** The Pattersons argue they are entitled to relief under Civ.R. 60(B)(1) ("mistake"), (3) ("fraud"), and (5) ("any other reason justifying relief").

**{¶22}** First, the Pattersons contend they are entitled to relief under Civ.R. 60(B)(1) because they were mistaken in their belief as to the outcome of the case. However, the record establishes that the Pattersons knowingly elected not to assert any right to the Jeffers Interest and knew they could lose a right to that interest if they did not answer Ms. Brownfield's complaint. There is no dispute that the Pattersons had ample opportunity to engage an attorney in order to either claim or defend a right to the Jeffers Interest. The Pattersons either consulted or were offered legal services from three different law firms on four occasions, but never hired an attorney at that time.

**{¶23}** As stated, in early 2018, Ms. Brownfield discovered that Gulfport disputed the effectiveness of the family's use of the Dormant Mineral Act process, and Gulfport expressed an opinion that the heirs of Mira Jeffers and J.A. Jeffers still owned the Jeffers Interest. After months of discussion among Siblings and contact with different law firms, they collectively elected not to pursue a claim to the Jeffers Interest. Ms. Brownfield, however, later informed the remaining Siblings that she would be proceeding with a declaratory judgment and quiet title action herself. Ms. Brownfield indicated that the remaining Siblings would need to participate in the lawsuit if they wanted to protect their own interests. Ms. Brownfield filed her complaint on June 25, 2018.

**{¶24}** The Pattersons were served with the complaint on July 2, 2018. Mrs. Patterson called Attorney Wilson, Ms. Brownfield's counsel, expressing her discontent with his client and indicating that she did not want to be involved in the lawsuit. Attorney Wilson told Mrs. Patterson that she needed to consult with another attorney to protect her rights and that Ms. Brownfield was not willing to give Mrs. Patterson any oil and gas rights Ms. Brownfield would acquire in the lawsuit unless Mrs. Patterson participated. Mrs.

Patterson stated at that time that she was discussing the matter with her brother, James Smith, and with the Yoss Law Firm.

{¶25} On July 11, 2018, Attorney Abbott with the Yoss Law Firm emailed Attorney Wilson and attached a letter asking that Ms. Brownfield dismiss the remaining Siblings from the lawsuit and not strip them of their interests. (Exhibit 2A). Two days later, Attorney Wilson responded via email. (Exhibit 2B). He indicated that Ms. Brownfield was not agreeable to the remaining Siblings', including the Pattersons', "free-ride" request. He also indicated that Ms. Brownfield was not willing to take all the risks and just grant them any severed mineral interest that she would acquire as a result of her lawsuit.

{¶26} On July 24, 2018, Attorney Abbott appeared for the limited purpose of filing a motion for extension of time to move, answer or otherwise plead for the remaining Siblings, which was granted by the trial court. Attorney Abbott indicated that he had only recently been in contact with some of the named Defendants to discuss representation in this matter, but that additional time was necessary to discuss and determine which of the Defendants, if any, he would represent.

{¶27} The Pattersons' election to forgo any right to the Jeffers Interest was further revealed via the August 2018 email correspondence between Mr. Smith and Ms. Brownfield. Ms. Brownfield emailed Mr. Smith, asking if he and their sister, Mrs. Patterson, were planning to participate in the lawsuit. (Exhibit 1B). Mr. Smith responded "no [Mrs. Patterson] and I decided not to do anything and let the judge make the decision and we would live by it." (*Id.*) Thus, this email further shows that the Pattersons elected not to assert a claim, and in fact, never filed an answer to Ms. Brownfield's complaint.

{¶28} The Smiths and the Pattersons did not elect to defend their interests in the Jeffers interest. However, Ms. Brownfield's other siblings, the Wilsons and the Wheelers, did elect to defend their interests in the Jeffers interest. The Wilsons and Wheelers filed an answer to Ms. Brownfield's complaint, through Attorney Abbott, on August 21, 2018. Attorney Abbott indicated in the answer that he had no further discussions with the Smiths and the Pattersons and that he was not representing them in this matter.

{¶29} The Pattersons claim that they sent a letter to the trial court before the order of default judgment was entered requesting that their "tardy reply" be excused, which thereby demonstrates their awareness of the complaint. The letter cites family dissention

as the reason they failed to file an answer. The letter, however, was not dated, never filed, never received by Ms. Brownfield or her counsel, and is not on the trial court's docket. Therefore, it is not properly before us. *See Armeni v. Aromatorio*, 7th Dist. Mahoning No. 11 MA 48, 2012-Ohio-1500, ¶ 10.

**{¶30}** Based on the foregoing, the Pattersons failed to demonstrate sufficient operative facts to warrant a finding of mistake. Even assuming arguendo that the Pattersons were mistaken in their understanding of the law and believed they would be entitled to one-fifth of the oil and gas rights acquired because they are one-fifth owners of the surface estate, this court stresses that ignorance of the law is no defense in this case. *See John Soliday Fin. Group, L.L.C. v. Moncreace*, 7th Dist. Jefferson No. 09 JE 11, 2011-Ohio-1471, ¶ 17.

**{¶31}** Accordingly, the trial court did not err in concluding that the Pattersons were not entitled to relief under Civ.R. 60(B)(1).

**{¶32}** Second, the Pattersons contend they are entitled to relief under Civ.R. 60(B)(3) because they were misled in their belief as to the outcome of the case. Specifically, the Pattersons allege they were misled from conversations with Ms. Brownfield and Attorney Wilson that they did not have to file an answer to Ms. Brownfield's complaint in order to receive a one-fifth claim to the Jeffers Interest. However, as already addressed, the evidence reveals the opposite.

**{¶33}** The record supports the fact that Ms. Brownfield and her counsel have consistently taken a position throughout the proceedings that the Pattersons needed to answer the complaint in order to assert a claim to the Jeffers Interest and that Ms. Brownfield was not willing to provide the remaining Siblings with a "free ride." The evidence indicates there were no misrepresentations made to the Pattersons. Rather, the Pattersons elected not to pursue any rights to the Jeffers Interest due to family dissention.

**{¶34}** The main support for the Pattersons' position that they were somehow misled is the affidavit of Mrs. Patterson. (Exhibit A). Based on the facts presented, such allegation contained in Mrs. Patterson's self-serving affidavit is insufficient to warrant relief. *See, e.g., Roberts v. Turner*, 7th Dist. Mahoning No. 98 C.A. 85, 2000 WL 341127,

* 4 (Mar. 30, 2000); *In re A.I.,* 8th Dist. Cuyahoga No. 83167, 2004-Ohio-239, ¶ 18; *Miller v. Miller*, 9th Dist. Summit No. 21770, 2004-Ohio-1989, ¶ 15.

**{¶35}** Upon a thorough review of the record, the trial court did not err in concluding that the Pattersons were not entitled to relief under Civ.R. 60(B)(3).

**{¶36}** Lastly, the Pattersons allege they are entitled to relief under the "any other reason justifying relief" provision in Civ.R. 60(B)(5). This "catch-all" provision, however, only applies when a more specific provision does not. *Tabor v. Tabor,* 7th Dist. Mahoning No. 02-CA-73, 2003-Ohio-1432, ¶ 30. The grounds for invoking Civ.R. 60(B)(5) should be substantial. *Id.*

**{¶37}** For the same reasons above, involving the specific provisions in Civ.R. 60(B)(1) and (3), the trial court did not err in concluding that the Pattersons were not entitled to relief under Civ.R. 60(B)(5). In addition, for the same reasons as addressed above and under the Pattersons' first assignment of error, their alternative argument contained herein that they were not properly notified of Ms. Brownfield's motion for default judgment and motion for nunc pro tunc order is moot. *See* App.R. 12(A)(1)(c).

**{¶38}** The Pattersons' second assignment of error is without merit.

## CONCLUSION

**{¶39}** For the foregoing reasons, Appellants' first assignment of error is moot and their second assignment of error is not well-taken. The judgment of the Monroe County Court of Common Pleas denying Appellants' Civ.R. 60(B) motion for relief from judgment is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 19 MO 0003

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**